```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION
```

| | |
|---|---|
| **LETRICIA DAVIS,** | |
| Plaintiff, | Case No. 12 C 5352 |
| v. | Hon. Harry D. Leinenweber |
| **OFFICER MORGAN**, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion to Reconsider. For the reasons stated herein, the Motion is denied.

### I. BACKGROUND

All of Plaintiff's claims arise from an arrest that took place on July 7, 2010. Plaintiff submitted her Complaint along with a Motion for Leave to Proceed *in forma pauperis* ("IFP") on July 8, 2012, the last day within the period of limitations. On September 28, 2012, the Court denied the IFP Motion and, under Local Rule 3.3, instructed Plaintiff to pay the requisite filing fee within thirty (30) days, or the case would be dismissed with prejudice.

On October 30, 2012, Plaintiff, who is represented by counsel, requested a seven-day extension of time to pay the filing fee. Plaintiff failed to comply with Local Rule 5.3(b), which requires presentment of all motions. Plaintiff paid the filing fee on

November 6, 2012, after the deadline set by the Court's previous Order, and one day after the date requested in the Motion Plaintiff failed to present to the Court for ruling.

Defendants moved to dismiss and argued that the suit was time-barred. On May 29, 2013, the Court granted that Motion and noted that, when it ruled on Plaintiff's IFP Motion, it had given Plaintiff additional time to pay the filing fee and commence the case properly. Under Local Rule 3.3, Plaintiff's failure to pay the filing fee timely meant that her Complaint was not timely. The Court also explained that while Plaintiff filed a Motion for an Extension of Time to Pay the Filing Fee, she still failed to pay within the time frame the extension requested. Plaintiff's Motion to Reconsider asks this Court to amend that ruling.

## II.  LEGAL STANDARD

A motion to reconsider "is not a vehicle for rearguing previously rejected motions." *Oto v. Metro. Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000). To prevail, a movant must present newly discovered evidence or show manifest errors of law or fact. *Ahmed v. Ashcroft,* 388 F.3d 247, 249 (7th Cir. 2004). "Manifest error" is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto,* 224 F.3d at 606.

## III.  ANALYSIS

In a suit based on federal law, the statute of limitations stops running when the complaint is filed, though it may resume

running later. *Robinson v. Doe,* 272 F.3d 921, 922 (7th Cir. 2001). The Seventh Circuit has explained that, for statute of limitations purposes, a complaint is "filed" when the court clerk receives the complaint, "not when it is formally filed in compliance with all applicable rules involving filing fees and the like." *Id.* at 922-23.

In support of her Motion to Reconsider, Plaintiff directs this Court to *Gilardi v. Schroeder,* 833 F.2d 1226 (7th Cir. 1987). In that case, the Clerk of the District Court returned the plaintiff's complaint and IFP application because the plaintiff failed to comply with various local rules. *Id.* at 1233. The court later granted the IFP application and deemed the complaint filed as of the date when the complaint was first received by court clerk. *Id.* Even though the complaint, when first filed, was rejected for failure to comply with local rules, the original filing was adequate to satisfy the statute of limitations because the Plaintiff had done all that was required under the statute and the Federal Rules of Civil Procedure. *Id*. *Gilardi* thus holds that, in cases where the district court permits the plaintiff to proceed IFP, the complaint may be deemed filed when lodged with the clerk. *Id.* at 1233.

*Gilardi* is consistent with the principle, articulated later in *Robinson,* that a complaint is "filed" for statute of limitations purposes when it is received by the court clerk, even if it does

not then comply with local rules. *Robinson,* 272 F.3d at 922. This Court abided by that precedent when it recognized that the period of limitations was tolled while the IFP application was pending. *Gilardi,* however, does not address whether and when the clock on a statute of limitations resumes running, a scenario that *Robinson* contemplates expressly as a possibility. *Robinson,* 272 F.3d at 922. *Gilardi* does not govern the outcome in this case because it does not address what happens when, as in this case, the district court denies the IFP motion. Thus, *Gilardi* cannot justify relief under Rule 59(e), because it is not an example of controlling precedent disregarded by this Court.

In addition, Circuit precedent fully justifies this Court's previous order. Since *Gilardi* was decided, the Seventh Circuit considered "[w]hat happens if the district judge denies the application to proceed IFP and the plaintiff does not pay promptly" – precisely the scenario presented here. *Williams-Guice v. Bd. of Educ. of the City of Chicago,* 45 F.3d 161, 162 (7th Cir. 1995). When a plaintiff files and IFP application with the complaint, the period of limitations is tolled while the application is pending. *Id.* at 164. But if the application is denied, "the clock resumes ticking on the date of denial." *Id.* At that point, "the plaintiff must pay the docket fee within the remainder of the period of limitations." *Id.* at 165. The Court explained that "to suspend a period of limitations is not to deem it satisfied." *Id.*

Plaintiff submitted her Complaint and her IFP Application on July 8, 2012, the last day within the statutory period for her federal claims. This filing was in compliance with all Local Rules, particularly Local Rule 3.3(b), and did not need to be saved by *Gilardi*. The period of limitations was tolled while the IFP application was pending, but resumed running on September 28, 2012, when the application was denied. The Court was generous enough to grant Plaintiff thirty (30) additional days to pay the filing fee. Plaintiff failed to pay the filing fee in that time, or even in the time requested in the Motion for an Extension that was not properly presented and thus never ruled on. The period of limitations continued to run, and lapsed before Plaintiff paid the fee. The dismissal, based on the statute of limitations, was proper.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff is not entitled to relief under Rule 59(e), and the Motion to Reconsider [ECF No. 24] is denied.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　Harry D. Leinenweber, Judge
　　　　　　　　　　　　　　　　　　　　United States District Court

Date: 11/7/2013